# In the United States Court of Federal Claims

| | |
|---|---|
| **In re ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS** <br> _____ <br><br> **THIS DOCUMENT APPLIES TO:** <br><br> **CHRIS BLAYNEY, QUYNH THANH TRAN, LINH PHAM, VAN T. NGUYEN, NGOC NGA TRANG TRAN, JUAN CARLOS FLORES, ANNA JEREZ, SAM VAN NGUYEN, SON VU THI NGUYEN, LUIS LARES MEDRANO, ANA MEDRANO, MIGUEL BASURTO, OKSON TORRES, MAI THI TRAN, HANH THANH NGUYEN, PHUONG THI NGUYEN, et al.** <br><br> No. 1:17-cv-01652 L <br> _____ | Master Docket No. 17-3000L |

## AMENDED COMPLAINT

Now come the first group  (Group I)  of Named Plaintiffs, Chris Blayney, Quynh Thanh Tran, Linh Pham, Van T. Nguyen, Ngoc Nga T. Trang, Juan Carlos Flores, Anna Jerez, Sam Van Nguyen, Son Vu Thi Nguyen, Luis Lares Medrano, Ana Medrano, Miguel Basurto, Okson Torres, Mai Thi Tran, Hanh Thanh Nguyen, and Phuong Thi Nguyen individually, **who file this complaint individually and together with hundreds of other claimants, (Group II and Group III which will be filed subsequently),** and claim for taking of their real and personal property entitling them to just compensation under the Fifth Amendment to the United States Constitution by the intentional action of the U.S. Army Corps of Engineers, Galveston District (the "Corps"), in concert with

1

government actors and instrumentalities both known and unknown, and in support thereof, show as follows:

## I.     PARTIES

1. Plaintiffs are citizens of the United States who own private property, both real and personal, in Harris County, Texas.

2. Plaintiff Chris Blayney is an individual and resident of Harris County, Texas, who owns real and personal property located at 4518 Hidden Springs, Houston, TX 77084. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate her property as a flooding easement.

3. Plaintiff Quynh Thanh Tran is an individual and resident of Harris County, Texas, who owns real and personal property located at 6310 Pago Lane, Houston, TX 77041. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate her property as a flooding easement.

4. Plaintiff Linh Pham is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 6310 Pago Lane, Houston, TX 77041. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to her physical home, home

improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5. Plaintiff Van T. Nguyen is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 19215 Heather Springs Ln, Houston, TX 77041. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate her property as a flooding easement.

6. Plaintiff Ngoc Nga Trang Tran is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 19215 Heather Springs Ln, Houston, TX 77041. Plaintiff has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

7. Plaintiff Juan Carlos Flores is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 5718 Painted Trail, Houston, TX 77084. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real

property resulting from the Corps' decision to appropriate his property as a flooding easement.

8. Plaintiff Anna Jerez is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 5718 Painted Trail, Houston, TX 77084. Plaintiff has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

9. Plaintiff Sam Van Nguyen is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located 6106 Alden Creek, TX 77084. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

10. Plaintiff Son Vu Thi Nguyen is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located 5207 Bristol Bank, Houston, TX 77041. Plaintiff has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

11. Plaintiff Luis Lares Medrano is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located 14919 Cantor Circle, Houston, TX 77084. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

12. Plaintiff Ana Medrano is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 14919 Cantor Circle, Houston, TX 77084. Plaintiff has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

13. Plaintiff Miguel Basurto is an individual and resident of Harris County, Texas, who owns and share an interest in real and personal property located at 14919 Cantor Circle, Houston, TX 77084. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

14. Plaintiff Okson Torreso is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 5714 Painted Trail Dr. Houston, TX 77084. Plaintiff has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

15. Plaintiff Mai Thi Tran is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 5810 George Town Colony, Houston, TX 77084. Plaintiff has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

16. Plaintiff Mai T. Tran is an individual and resident of Harris County, Texas, who owns an interest in real and personal property located at 7009 Easter, Houston, TX 77088. Plaintiff has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

17. Plaintiff Hanh Thanh Nguyen is an individual and resident of Harris County, Texas, who owns and shares an interest in real and personal property located at 5719 Painted Trail Dr., Houston, TX 77084. Plaintiff has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

18. Plaintiff Phuong Thi Nguyen is an individual and resident of Harris County, Texas, who owns and shares an interest in real and personal property located at 5719 Painted Trail Dr., Houston, TX 77084.  Plaintiff has suffered damages to real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

19. Defendant is the United States government, including the Corps and any federal or state instrumentality, such as the Harris County Flood Control District ("HCFCD"), all of whom may be served through the National Courts Section, Commercial Litigation Branch, Civil Division U.S. Department of Justice, Washington, DC 20530, Tel.: (202) 514-7300.

## II. JURISDICTION AND VENUE

20. This Court has venue and jurisdiction to award just compensation for this takings claim pursuant to Article 5 of the United States Constitution and 28 U.S.C. § 1491.

## III. FACTUAL ALLEGATIONS

On August 25, 2017, Hurricane Harvey, a Category 4 Hurricane ("Harvey"), made landfall on the Texas Gulf Coast. President Trump declared areas affected by Harvey a major disaster area the same day. Over the next four (4) days, Harvey dumped an incredible amount of rain on the Texas coast, causing widespread devastation and flooding.

21. By August 29, 2017, Harvey had largely passed Houston and was moving on to other areas. Houston saw sunshine for the first time in days.

22. While thousands had been flooded or damaged by the storm, many home and business owners along Buffalo Bayou and many home and business owners who reside and/or doing business near Addicks and/or Barker Dams — who had never experienced flooding and were not in a known flood plain—believed they were now safe and would recover. They were wrong. What Harvey had brought would now be superseded by the Corps' actions.

23. On August 29, 2017, the Corps announced it had made the "difficult" decision to make "unexpected controlled releases" from the Barker and Addicks dams ("dams") to "full discharge" in order to "maintain control of the dams."

24. As early as 2016 the Corps knew that the dams—as they were currently constructed and maintained, and assuming a storm with the magnitude of Harvey—would require the release of water of this magnitude experienced in August 2017. In 2009, the Corps rated the dams among the nation's six (6) most unsafe dams.

25. The Corps has the primary responsibility for land management, management and operation of the dams, and the course of water flows. The Corps directed other government agencies and instrumentalities to carry out its wishes with the respect to its decisions. The HCFCD specifically disclaimed responsibility for land and dam management and course of water flows on its website, so there is no state remedy to pursue.

26. The Corps' decision to take control of the flowage easements over private home and business property and make "unexpected controlled releases" was knowing and intentional. At the time it was made, it was foreseeable and the Corps knew, or should have known, that it was sacrificing and condemning hundreds or even thousands of homes along Buffalo Bayou, including the real property, their contents, and their future property values.

27. The water releases by the Corps fed into Buffalo Bayou at the rate of 13,000 cubic feet per second or more. This directly impacted areas around Buffalo Bayou from Dairy Ashford to Interstate 610 (Texas) – raising water levels two (2) feet or more in less than a day and directly causing additional flooding for hundreds more homes and businesses, including the home and home business offices of the Named Plaintiffs and their neighbors.

28. As of this filing, the Corps or its agents have announced that it will maintain the current dam release and flood levels, and that homes and businesses having water damage will not be accessible or have power for weeks. By the second week of this period, most homes and businesses experiencing any water damage will be a total loss due to mold and

other causes. Moreover, the value in terms of lost property value to home and business owners is in the billions of dollars.

29. The decisions by the Corps have also altered the course of Buffalo Bayou in such a manner that future flooding will be more likely in areas not previously subject to flooding, leading to further business interruptions and losses in home value and tax revenue.

30. None of these Corps decisions or their impacts could have been anticipated or mitigated by the affected home or business owners, and of the management associations, as none were in a so-called flood plain and none had experienced flooding in recent memory. Further, many of these homes were without power during the time period in which the Corps made their decision to release the dams.

31. In its October 29, 2014 and March 6, 2016 public presentations on "dam safety," the Corps stated, "*Houston is NOT in imminent danger of flooding from Barker and Addicks*" and that *"[d]am failure is not likely." Both of these statements proved false during Harvey.* Prior flooding from 2015 forward and maintenance issues for the dams had put the Corps on notice that such statements were suspect at best, but they continued to make them in 2016 nonetheless.

32. Because of the statements in Paragraph 15, and other similar statements by the Corps, most homeowners along Buffalo Bayou did not have flood insurance in areas where their mortgage companies do not require. Even if the home and business owners did, much of the damage experienced would not be covered for various reasons.

Moreover, standard private insurance policies, even those with flood insurance, contain exclusions for damage where, as here, it is caused by governmental action.

33. In an Executive Order issued on August 15, 2017, President Trump recognized that "[t]he poor condition of America's infrastructure is estimated to cost a typical American household thousands of dollars each year." This is underestimated in this case, as each of the homes or businesses and associated real or personal property is valued in the hundreds of thousands to millions of dollars each.

34. On August 30, 2017, President Trump stated to victims of Harvey that **"[w]e are here with you today, we are here with you tomorrow, and we will be with you every single day after to restore, recover, and rebuild.**"

## IV. CAUSE OF ACTION

### Violation of the Takings Clause

35. Plaintiffs repeat the allegations of the preceding paragraphs as if fully set forth herein. The Fifth Amendment to the United States Constitution prohibits the Government from taking private property for public use without just compensation.

36. Plaintiffs have a legally-protectable private property interest in their real and/or personal property.

37. Plaintiffs had distinct, reasonable, and investment-backed expectations that their properties would only be subject to flooding in line with historical flooding patterns established over the decades.

38. Plaintiffs' private properties would not have otherwise flooded but for the Corps' decision to discharge water from the Addicks and Barker reservoirs.

39. The Corps' decision to discharge water from the Addicks and Barker reservoirs was for public use. The Corps, a governmental entity, knew, or was substantially certain when it opened the flood gates that the Plaintiffs' properties would flood, and that, but for such action, Plaintiffs' properties would not have flooded.

40. The Corps' conduct constitutes a taking of Plaintiffs' properties because, from August 28, 2017, and continuing for days or weeks, water continued to be released from the reservoirs and Plaintiffs were unable to return to their homes, experienced substantial damage to their personal and real property, and Plaintiffs were and will be deprived of the use, occupancy, and enjoyment of their property.

41. As a direct result of the Corps' decision to discharge water from the Addicks and Barker reservoirs on August 28, 2017, Plaintiffs' private properties were flooded on and after August 28, 2017, which caused Plaintiffs' properties to be completely destroyed, including, but not limited to the following which must be justly compensated:

   1. Physical damage and cost to rebuild completely or replace real property, home improvements, fixtures, structures, vehicles, personal effects, and more;

   2. Diminution in the fair market value of the underlying land of Plaintiffs' properties, including the decreased market value to the real estate;

   3. Compensation for the deprivation of the use, occupancy, and enjoyment of their private properties, both real and personal, as deemed just and fair by the Court;

   4. Compensation for specific and extensive mold remediation, as appropriate under the circumstances, to prevent additional structural damage to the properties and/or resulting health hazards to those who live at the properties; and

   5. Interest from August 28, 2017, through the time of payment.

42. Plaintiffs have not been compensated for temporary or permanent taking of their homes and other private property by the Corps.

43. The Fifth Amendment is intended to prevent the government from burdening individuals, such as Plaintiffs, with the costs of furthering public interest.

44. All losses sustained by Plaintiffs were reasonably foreseeable by the Government.

45. All conditions precedent to Plaintiffs' claims for relief have been performed and/or occurred.

46. Therefore, Plaintiffs seek just compensation for the temporary and permanent takings of their real and personal property in an amount to be determined at trial.

47. Further, Plaintiffs are also entitled to recover reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred in this proceeding pursuant to 42 U.S.C § 4652, and Rule 54 of the Rules of the United States Court of Federal Claims.

## V.   PRAYER

Wherefore, Plaintiffs respectfully request that this Court enter an order:

1. Declaring that Defendant's actions, as set out above, constitute a taking under the Fifth Amendment to the United States Constitution;

2. Awarding just compensation in an amount as outlined above or to be determined at trial;

3. Awarding Plaintiffs their reasonable litigation expenses and attorneys' fees;

4. Awarding Plaintiffs pre- and post-judgment interest, to the extent allowable; and

5. Awarding such other and further relief as justice and equity requires

Respectfully submitted,

**THE TAMMY TRAN LAW FIRM**
**TAMMY TRAN ATTORNEYS AT LAW, LLP**


*/s/ Tammy Tran*
By:_____
**TAMMY TRAN**
ttran@tt-lawfirm.com
Federal Bar No. 328541
State Bar No. 20186400
**PETE MAI**
pmai@tt-lawfirm.com
Federal Bar No. 1033613
State Bar No. 24029702
**JOHN NA**
jna@tt-lawfirm.com
Federal Bar No. 1125428
State Bar No. 24074786
**RYAN NGUYEN**
rnguyen@tt-lawfirm.com
State Bar No. 24083570
2915 Fannin
Houston, Texas 77002
Telephone: (713) 655-0737
Telecopier: (713) 655-0823

**COUNSEL FOR PLAINTIFFS**