# In the United States Court of Federal Claims

Filed:  December 20, 2017

| | |
|---|---|
| IN RE ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Master Docket No. 17-3000L |
| THIS DOCUMENT APPLIES TO: ALL CASES | |

## ORDER REGARDING JUDICIAL ASSIGNMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL FOR THE PURPOSE OF PRE-TRIAL DISCOVERY, DISPOSITIVE MOTIONS FOR PARTIAL OR SUMMARY JUDGMENT AND/OR CROSS-MOTIONS PURSUANT TO RULE OF THE UNITED STATES COURT OF FEDERAL CLAIMS 56 AND/OR A TRIAL ON LIABILITY, AND SCHEDULING.

### (UPSTREAM CLAIMS)

During the October 6, 2017 and November 1, 2017 hearings convened in Houston, the court was advised that putative class action complaints and individual complaints with upstream claims affecting approximately 4,000 private property interests are or will be filed in the United States Court of Federal Claims.  *See, e.g.*, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 7 (Fed. Cl. Nov. 3, 2017).

**I.      Assignment Of A United States Court Of Federal Claims Judge.**

The Honorable Eric G. Bruggink of the United States Court of Federal Claims is hereby assigned to manage pre-trial discovery and adjudicate all pre-trial dispositive motions.[1]

**II.     Appointment Of Co-Counsel For Pre-Trial Discovery And Dispositive Motions (In Alphabetical Order).**

On October 11, 2017, the court issued an Order requesting "all counsel of record that wish to be considered as class counsel(s) and/or lead class counsel(s)" to file a Statement of Interest

---

[1]      On December 4, 2017, the Clerk of Court will effectuate this assignment when Master Docket, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L is divided into Sub-Master Dockets.  *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 10 (Fed. Cl. Nov. 13, 2017).

addressing the factors set forth in Rule of the United States Court of Federal Claims ("RCFC") 23(g)(1).  *See, e.g.*, *Y And J Properties, Ltd.*, No. 17-1189, Dkt. 12 at 6 (Fed. Cl. Oct.11, 2017).

After considering the views of all counsel, the court makes the following appointments of Plaintiffs' Counsel for the specific purposes set forth herein.

Mr. Daniel Charest graduated from Tulane University Law School, *summa cum laude*, and served as a Law Clerk for Judge Edith Brown Clement of the United States Court of Appeals for the Fifth Circuit.  Mr. Charest is a Founding Partner of the Dallas-based firm, Burns and Charest, LLP, where he specializes in complex civil litigation.  Mr. Charest is a member of the bar of the United States Court of Federal Claims.  The court appoints Mr. Charest as Co-Lead Counsel for the purposes set forth herein.[2]

Mr. Charles Irvine graduated from the University of Houston Law Center and has a Masters of Science in Conservation from the University College London.  Mr. Irvine is a Founding Partner in the Houston law firm of Irvine & Conner, PLLC, where he specializes in state and federal court litigation concerning environmental law.  In addition, Mr. Irvine has been an Adjunct Professor at the University of Houston Law Center, where he has taught environmental law.  Mr. Irvine is admitted to the bar of the United States Court of Federal Claims.  The court appoints Mr. Irvine as Co-Lead Counsel for the purposes set forth herein.

Where "diverse interests exist among the parties, the court may designate . . . counsel representing different interests." MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004).  Mr. Irvine has filed a complaint that he contends should be certified as a class action.  The court has determined that the issue of class certification is premature at this juncture.  The court is concerned that the interests of property owners who ultimately may decide to opt-in to a certified class, may be different from those who may decide to pursue claims as individuals.  *See* RCFC 23 Rules Committee Notes (Rule 23 "only contemplates opt-in class certifications").  For this reason, the court also has appointed Mr. E. Armistead Easterby to serve as Co-Lead Counsel for the purposes set forth herein to ensure the interests of individual plaintiffs are represented, since Williams Kherkher LLP represent only individual plaintiffs who, at this point, do not seek class treatment.

Mr. Easterby graduated from the Houston Law Center, *cum laude*, and is a Partner in the Houston law firm of Williams Kherkher LLP, where he specializes in complex civil litigation.  Mr. Easterby is admitted to the bar of the United States Court of Federal Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court.

Each of the above-referenced appointed counsel satisfy the criteria for selection, set out in the MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and *MDL Standards and Best Practices*, DUKE LAW SCHOOL CENTER FOR JUDICIAL STUDIES (Sept. 11, 2014), https://law.duke.edu/sites/default/files/centers/judicialstudies/MDL_Standards_and_Best_Practices_2014-REVISED.pdf.

---

[2]     Mr. Charles Irvine of Irvine & Conner, PLLC recommended Burns and Charest, LLP to the court.

All appointed counsel will be compensated, pursuant to 42 U.S.C. § 4654(c), for work on pre-trial discovery issues and dispositive motions, including any subsequent appeals. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also Hubbard v. United States*, 480 F.3d 1327 (Fed. Cir. 2007). In that regard, appointed counsel are expected to keep and maintain detailed time records from the date of this Order, take care to limit the use of law firm personnel (partners, associates, and paralegals), only to the extent absolutely necessary to meet professional standards of due diligence and care and minimize ancillary expenses.

### III.    Schedule.

To ensure the expeditious and orderly management of pre-trial jurisdictional discovery, dispositive motions, and/or a trial on liability, the court establishes the following schedule.

On or before January 30, 2018, all initial disclosures and electronically stored information and hard copy documents filed in the pre-trial phase of this case, will be provided to opposing counsel.

On or before February 28, 2018, the Government will file an Answer, pursuant to RCFC 7(a)(2), in response to any Amended Complaint filed on or before January 15, 2018. Thereafter, the parties may conduct discovery, subject to court Order, including any expert discovery, to conclude no later than May 31, 2018.

On or before June 15, 2018, the parties will file any dispositive motion(s), pursuant to RCFC 56.

On or before July 16, 2018, the parties may file any Responses and/or Cross-Motions to the June 15, 2018 dispositive motion(s).

On or before July 31, 2018, the parties simultaneously may file any Replies.

On or before October 29, 2018, the court will convene an oral argument in the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas on any dispositive motions.

If contested facts preclude disposition of this case on partial or summary judgment, pursuant to RCFC 56, this case will be set for a trial on liability by the assigned judge, at the earliest date available.

Page limitations for briefs and court filings, set forth in RCFC, are suspended. No extensions of time will be granted, but for extraordinary circumstances.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**